## Commonwealth v. Bryan

*Lee B. Lansberry,* district attorney, for Commonwealth.

*Joseph M. McNerney,* for defendant.

WILLIAMS, J., September 22, 1950.—Defendant has been charged with stopping upon a public highway without giving the proper signal of stopping. Testimony has been taken before the court.

The court makes the following

### Findings of Fact

1. That defendant was driving an automobile in a southerly direction on the public highway leading toward Duboistown, Lycoming County, Pa.

2. That he came to a complete stop and parked on the right side of the highway.

3. That before stopping he looked in his rear-view mirror from which he saw 150 yards of clear road to the rear.

4. That the prosecuting witness was driving an automobile toward Williamsport, in the same direction traveled by defendant, and ran into the rear of defendant's automobile.

5. That when the prosecuting witness first saw defendant's truck it was stopped and was 50 feet from his automobile.

### Discussion

Section 25 of the Act of June 27, 1939, P. L. 1135, provides that the driver of any vehicle upon a highway before stopping shall first see that such movement can be made in safety, and that whenever any other vehicle approaching may be affected by such stopping, shall give a signal completely visible to the driver of such other vehicle.

In reviewing the testimony in this case the court is of the opinion that insufficient testimony has been introduced to convict defendant beyond a reasonable doubt.

It appears from the testimony that defendant stopped his automobile only after he had looked to see if anything was approaching from the rear. After

taking this precaution, he does not have to make a signal if no other vehicle is approaching. It appears from the testimony that the collision happened not because there was no signal, but because defendant was parked in the road. He was not charged with an offense such as this.

Defendant's other contention, that the justice of the peace in this matter had no jurisdiction because the transcript does not show that he was the nearest available magistrate in an adjoining township to the township in which the alleged violation occurred, therefore becomes moot; however, we will discuss it here. Section 30 of the Act of May 18, 1949, P. L. 1412, 75 PS §731, makes it necessary for informations, charging violations of any of the summary provisions of The Vehicle Code, to be brought before the nearest available magistrate within the township where the alleged violation occurred. It provides further that when there is no magistrate in such township, then such information shall be brought before the nearest available magistrate in an adjoining township. In the instant case the alleged violation occurred in Susquehanna Township where there is no magistrate. The nearest available magistrate in an adjoining township happens to be the magistrate before whom the charge was brought. Defendant claims, however, that the transcript of the justice of the peace should affirmatively show such facts, and failing to do so must be quashed. In so arguing, defendant's attorney has referred us to the cases of Commonwealth v. Bedding, 38 D. & C. 103, and Commonwealth v. Williams, 56 D. & C. 549.

We cannot agree with the learned judge who decided these cases. Although the record must show where the alleged offense was committed, we are of the opinion that it is not necessary to explain on the record as to why the magistrate handling the case received jurisdiction. In the instant case defendant had notice of the

offense for which he was charged. The complaint also charged him with committing the offense in Susquehanna Township. He, therefore, by proper inquiry, could very easily have ascertained that there was no magistrate in Susquehanna Township, and that the nearest available one in an adjoining township was the magistrate before whom he was taken. The law is interested in his having proper notice of the complaint against him, and that he receives a fair trial. We fail to see how a statement of the magistrate, explaining how he got jurisdiction of the case, would help defendant in determining a defense.

### Order of Court

And now, September 22, 1950, defendant is found not guilty, costs on the County of Lycoming.